# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| CHARLES DAVIS, ) | CASE NO: 1:03 CV 2075 |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | MAGISTRATE JUDGE VECCHIARELLI |
| vs. ) | |
| ) | |
| CITY OF EAST CLEVELAND, OHIO ) | |
| *et al.* ) | **ORDER** |
| Defendants. ) | |

Plaintiff Charles A. Davis, *pro se*, filed a Notice of Objection and Motion To Strike his deposition and all exhibits attached to the deposition on October 24, 2005. (Doc. No. 94). The basis of Plaintiff's motion is that Defendants allegedly failed to comply with Fed. R. Civ. P. 30(a)(2), which requires a party to obtain leave of court when seeking to depose a person confined in prison. Plaintiff is incarcerated and seeks to strike the transcript of his own deposition and all exhibits attached thereto from Defendants' Motion For Summary Judgment.

While Plaintiff's citation of the rule is correct, this Court does not find that failure to comply with the rule warrants striking of Plaintiff's deposition. The purpose behind Fed. R. Civ. P. 30(a)(2) has been interpreted to be aimed at "prevent[ing] unnecessary disruption of the administration of the penal institution itself." *Kendrick v. Schnorbus*, 655 F.2d 727, 728 (6th Cir. 1981). In fact, the Sixth Circuit Court of Appeals in *Kendrick* addressed an almost identical

situation as presently confronted by the Court. *Id*. (plaintiff prisoner was deposed by defendants without obtaining leave under Rule 30(a)(2) and sought exclusion of the deposition from defendants' summary judgment motion). The *Kendrick* Court held that:

> Without holding that there will never be circumstances in which the trial judge should suppress a deposition because of some inherent unfairness in its procurement, we do not believe Rule 30(a), when read in conjunction with Rule 32, creates a per se rule of suppression when a technical violation of Rule 30(a) occurs.

655 F.2d at 729; *accord Miller v. Bluff*, 131 F.R.D. 698, 700 (M.D. Pa. 1990) ("Rule 30(a) does not create a *per se* rule of suppression when there occurs a technical violation of its provision to obtain leave of court ...").

Although the *Kendrick* court left the door open for situations where suppression of a deposition may be appropriate due to non-compliance with Rule 30(a), the Court finds that the similarities in the present case with the *Kendrick* decision do not warrant a different outcome. In *Kendrick*, the prisoner was a plaintiff and, therefore, not likely to be unfairly surprised by a request for his deposition; the plaintiff failed to object to the taking of his deposition until responding to defendants' motion for summary judgment; and the plaintiff demonstrated no real injury resulting from defendants' failure to request leave. 655 F.2d at 729-29. In the case at bar, Plaintiff Davis cannot reasonably have been unfairly surprised that Defendants would seek to depose him; Plaintiff has not alleged any real injury or prejudice stemming from Defendants' alleged non-compliance; and Plaintiff has only now informed the Court of his objection to his deposition – more than ten months after it was taken and only *after* Defendants filed their

Motion For Summary Judgment.[1] Therefore, while the Court does not condone any failure to follow the Rules of Civil Procedure, Plaintiff's attempt to strike his own deposition testimony from the record is not well taken.

For the foregoing reasons, Plaintiff's Motion To Strike his deposition and all exhibits attached to the deposition from Defendants' Motion For Summary Judgment is DENIED.

IT IS SO ORDERED.

/s/Nancy A. Vecchiarelli
U.S. Magistrate Judge

DATE: November 8, 2005

---

[1] In his Memorandum in Support of his Motion To Compel Discovery, Plaintiff did make a passing remark complaining about being subjected to a "surprise deposition" but did not indicate any objection to its use. (Doc. No. 81). Furthermore, the Court's review of Plaintiff's deposition does not reveal any objection on the record.