# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| CHARLES DAVIS, | ) | CASE NO: 1:03 CV 2075 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | MAGISTRATE JUDGE VECCHIARELLI |
| vs. | ) | |
| | ) | |
| CITY OF EAST CLEVELAND, OHIO | ) | |
| *et al.* | ) | **ORDER** |
| Defendants. | ) | |

Plaintiff Charles A. Davis, *pro se*, filed a Motion For Leave For Voluntary Dismissal without prejudice on November 28, 2005. (Doc. No. 100). Defendants have filed a brief opposing Plaintiff's motion. (Doc. No. 101). As Defendants have long ago filed an Answer and more recently a Motion For Summary Judgment, a dismissal without prejudice may only be had by order of the Court under terms and conditions deemed proper pursuant to Fed. R. Civ. P. 41(a)(2). Defendants filed their Motion For Summary Judgment on September 23, 2005. (Doc. No. 86). Since that date, Plaintiff has requested three extensions of time to respond to Defendants' motion. In the interim, Plaintiff has filed numerous other motions and objections rather than responding to Defendants' summary judgment motion.

Fed. R. Civ. P. 41(a)(2) provides:

> **By Order of Court**. Except as provided in paragraph (1) of subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

Plaintiff argues that his motion for dismissal without prejudice should be granted because he will be released from prison in December of 2005, which would give him an opportunity to obtain counsel.  The Court has previously considered an identical argument from Plaintiff when he filed his Motion For Stay of Proceedings. (Doc. No. 76).  This line of argument was not well taken, and the Court denied Plaintiff's Motion For Stay. (Doc. No. 80).

This action commenced over two years ago on October 9, 2003.  Since that time, the Court has conducted a good number of telephone conferences with Plaintiff's participation, has allowed Plaintiff to amend his Complaint on several occasions, has presided over a contentious discovery process with numerous discovery disputes, and has given Plaintiff many extensions of time in light of his *pro se* status, despite the fact that Plaintiff has repeatedly missed deadlines and has been warned more than once about his obligation to follow the rules.

The Court recognizes that a voluntary dismissal should be granted unless the defendant will suffer "some plain prejudice other than the mere prospect of a second lawsuit." *Fawns v. Ratcliff*, 1997 U.S. App. LEXIS 17206 (6th. Cir. 1997); *see also B & J Mfg. Co. v. D.A. Frost Indus., Inc.*, 106 F.R.D. 351, 352 (N.D. Ohio 1985) ("essential question is whether the dismissal of the action will be unduly prejudicial to the defendants") (citations omitted); *Le Compte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976) ("When considering a dismissal without prejudice, the court should keep in mind the interests of the defendant, for it is his position which should be

protected [but] a dismissal should be granted unless the defendant will suffer some legal harm."). The Court recognizes that Defendants have expended significant amounts of time in responding to numerous pleadings and by participating in a protracted and contentious discovery process that was finally completed on September 1, 2005 after no less than five extensions of the discovery deadline.  Defendants have also filed a summary judgment motion to which Plaintiff, as of this date, has failed to respond.

Plaintiff relies on case law that states "[n]either the fact that the litigation has proceeded to the summary judgment stage nor the fact that the plaintiff's attorney has been negligent in prosecuting the case, alone or together, conclusively or per se establishes plain legal prejudice requiring the denial of a motion to dismiss." *Pontenberg v. Boston Sci. Corp.*, 252 F.3d 1253, 1256 (11th Cir. 2001).  However, the decision whether to grant a motion for voluntary dismissal is discretionary and lies within the sound discretion of the Court. *See, e.g., B & J Mfg. Co.*, 106 F.R.D. at 352 (N.D. Ohio 1985).  While the mere fact that Defendants have filed a summary judgment motion does not ***mandate*** a denial of Plaintiff's motion, it is well within the Court's discretion to consider whether the filing of a summary judgment motion, combined with other factors, would result in substantial prejudice to the Defendants if the action was indeed dismissed without prejudice.  These additional factors include: expenses incurred during a lengthy discovery process, the amount of time that has elapsed since the commencement of the action, and the work involved in responding to Plaintiff's numerous motions and pleadings.  The Court finds that all these factors combined would result in substantial prejudice to Defendants, and therefore, the Court will not entertain a dismissal without prejudice at this late date.

For the foregoing reasons, Plaintiff's Motion For Leave For Voluntary Dismissal without

prejudice is DENIED.

    IT IS SO ORDERED.

                                                /s/Nancy A. Vecchiarelli
                                                U.S. Magistrate Judge

DATE: December 9, 2005